WILLIAM B. KING'S Adm'r. *vs.* JOSHUA J. LAMBDEN and DANIEL HEARN.

A general avowry in replevin for rent in arrear may be proved generally, but if it set out a lease it must be proved accordingly.

This was an action of replevin by William B. King in his life time, to recover the possession of certain goods distrained by Hearn, as the bailiff of Lambden, for rent.

The defendants avowed the taking for rent in arrear and due, " for a certain farm and premises in Nanticoke hundred, adjoining lands of O. Isaacs, John Spicer, and others, commonly called the Fleetwood farm, for one year from the 1st of January, 1843, at a rent of $110." The defendants proved an agreement or lease for Lambden's farm, called the Fleetwood land, adjoining Noble Conoway and others.

*Mr. Layton,* argued that the party was bound to the same strictness in his avowry as would be required in an action founded on the lease, and a declaration thereon; and that there was a plain variance between the avowry and the lease; the one stating the premises as adjoining Isaacs, Spicer, and others; the other describing the premises as adjoining Conoway and others. (*Ros. Civ. Ev.* 355.)

*Mr. Houston,* said that the act of assembly authorized a general avowry without a particular description of the premises, and that there had been no particular description of the premises made in this avowry. The Conoway farm is described by other names in the avowry because Conoway has since died.

*Mr. Layton,* agreed that there was no necessity of setting out a particular description of the premises; but whatever description is given must not be inconsistent with the lease referred to in the avowry.

*The Court.*—The defendant has not avowed for rent due *under this lease,* and has made no reference to it whatever. If he had set it out in his avowry, or stated that the rent was due in pursuance of it, the objections now stated would be fatal as matters of variance; but the party is authorized by our act of assembly to avow generally without setting out the lease or agreement under which the rent is claimed. The defendant has done so here. He has avowed the taking the goods for rent in arrear and due for a certain farm, &c. This he may prove by the produ⬛️of a written lease or a parol agreement; and if the paper now ⬛️ed is for a different place than the one referred to in the avowry it proves nothing, but it is not objectionable on any ground of variance from the avowry, because there is no reference to it in the avowry.

Lease admitted; exception prayed and granted.

Verdict for $41 59.

*Layton,* for plaintiff.
*Houston,* for defendant.